## Eric Anderson v. The South Chicago Brewing Co. et al.

1. CHATTEL MORTGAGES—*Sale of Mortgaged Goods Without Written Consent.*—It being a crime punishable by imprisonment for a mortgagor, without the written consent of the mortgagee, to sell the mortgaged property, the court is of the opinion that an offer on the trial to show a verbal consent to such sale, was properly refused.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

### STATEMENT OF THE CASE.

On August 26, 1892, Charles Gustafson gave to the Merle & Heaney Manufacturing Company his twenty-seven notes, amounting to $632, and to secure the same gave a chattel mortgage on certain saloon fixtures at or before that time purchased from said company, and placed in his saloon at

6934 Stony Island avenue. Twenty-five of said notes were for $25 each, and payable one every month. The notes were paid as they became due until nine notes had been paid, the tenth note falling due June 26, 1893.

About June 13, 1893, Gustafson made a sale to Eric Anderson, appellant herein, of all his goods and chattels at said saloon, including the mortgaged property. (An offer was made during the trial to show that Gustafson obtained from the Merle & Heaney Manufacturing Company its verbal consent that he might make such sale before the sale was made, and while said company still owned the notes and mortgage, but the court refused to admit such evidence.)

Immediately upon the sale to Anderson the saloon was closed, and was never again opened for business. On or about June 17, 1893, the South Chicago Brewing Company, hearing that the saloon was closed, entered a judgment of confession against said Gustafson on a judgment note dated November 30, 1892, for $419. After June 13, and on or before June 21, 1893, the Merle & Heaney Manufacturing Company transferred Gustafson's notes and mortgage to the Garden City Banking and Trust Company; and on June 21, 1893, the South Chicago Brewing Company purchased said notes and mortgage from the bank, paying therefor the face of the notes with accrued interest. Immediately upon obtaining possession of said notes and mortgage, the brewing company, through its secretary, Mr. Lederer, placed said mortgage in the hands of Constable Murphy, with instructions to foreclose at once. Said constable went direct to said saloon and took possession of the mortgaged goods, and posted notices of a sale, giving as a cause of foreclosure, that the mortgagee "felt unsafe and insecure and feared a waste of said property." On June 23d following, the sheriff levied under the execution issued in confession of judgment against Gustafson, and on June 30, 1892, Eric Anderson sued out the replevin writ herein.

The declaration has three counts:

First. A taking and wrongful detaining.

Second. A wrongful detention.

Third.   Plaintiff lost said goods, defendant found them, and refused to deliver them.

The defendants' plea :

First.   *Non cepit* and *non detinet* to whole declaration.

Second.   *Non cepit* to first count.

Third.   *Non detinet* to second count.

Fourth.   Property in South Chicago Brewing Co.

The court instructed the jury to find for the defendants, holding plaintiff's title to be subject to the mortgage, and that the sale to the plaintiff gave, under the terms of the mortgage, the right to foreclose.

EDWARD OWINGS TOWNE and JAMES H. STANSFIELD, attorneys for appellant.

ALLAN C. STORY, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Section 7 of Chapter 95 of the Revised Statutes, entitled mortgages, is as follows :

" Any person having so conveyed any personal property who shall, during the existence of such title or lien, sell, transfer, conceal, take, drive or carry away, or in any manner dispose of such property, or any part thereof, or cause or suffer the same to be done, without the written consent of the holder of such incumbrance, shall be guilty of a misdemeanor, and on conviction may be fined in a sum not exceeding twice the value of the property so sold or disposed of, or confined in the county jail not exceeding one year, or both, at the discretion of the court."

It being a crime punishable by imprisonment for a mortgagor to, without the written consent of the mortgagee, sell the mortgaged property, we are of the opinion that the court properly refused appellant's offer to show a verbal consent by the mortgagee to the sale.

The statute, a part of the chapter concerning " Mortgages," was undoubtedly designed as a protection to mort-

gagees, and to relieve them from being compelled, in case of sale, to meet the assertion of the mortgagor, that verbal consent to a sale had been given.

The judgment of the Circuit Court is affirmed.

MR. PRESIDING JUSTICE SHEPARD :

I do not concur in the construction of the statute referred to.